Bernard S. Meyer, J.
In this action for annulment on the grounds of nonage, the evidence establishes that when the parties were married and when they separated, plaintiff was under the age of 18 years and that defendant’s physical assaults upon the plaintiff justify the exercise of the court’s discretion in favor of the granting of an annulment. Judgment of annulment is therefore awarded plaintiff, with costs and disbursements, and, under the present circumstances of the parties, support of the plaintiff is fixed at $20 per week.
The testimony of plaintiff and her father and the affidavit of plaintiff’s counsel reveal that plaintiff’s counsel has received from plaintiff’s father, who is also her guardian ad litem, the sum of $400, with the understanding that counsel would apply to the court for a counsel fee and that plaintiff’s father would be reimbursed out of any amount awarded to plaintiff for counsel fee. No formal motion for temporary alimony or counsel fee was made until the first day of trial however, and defendant’s guardian now objects that under section 1169 of the Civil Practice Act, plaintiff may not be awarded counsel fee, first because funds having been advanced by her father, such an award is not necessary (Antrones v. Antrones, 58 N. Y. S. 2d 241; cf. Mallah v. Mallah, 82 N. Y. S. 2d 4, where because of such advance, the matter of counsel fee was simply referred to the trial court); and second, because such an award would be for past services.
Plaintiff responds that because defendant was evading service, she was not able to make any motion earlier than the first day of trial. Since, however, a guardian was appointed five months in advance of trial, it is obvious that a motion could have been made at any time after that date.
The question thus presented is whether in an action for annulment the court has jurisdiction under the Civil Practice Act to *965 make an award of a counsel fee at tfie end of the trial, including in the award amounts covering services rendered before the application. I hold that that jurisdiction to make such an award exists under the provisions of section 1140-a of the Civil Practice Act, notwithstanding the decisions under section 1169 to the effect that awards for past services cannot be made and notwithstanding the fact that money may have been advanced to the plaintiff wife for the purpose of enabling her to employ counsel.
Section 1140-a of the Civil Practice Act permits the court in an annulment action to make a direction either in the final judgment or from time to time before final judgment “ for support of the wife by the husband as justice requires ”. The words “ as justice requires ” used in section 1140-a grant to the court broad discretion. (Johnson v. Johnson, 295 N. Y. 477.) While those words do not enlarge the court’s power, or authorize it to grant different or greater relief than specified in the statute (Matter of Faehndrich, 2 N Y 2d 468), they mean “ that there are no ‘ as a matter of law ’ requirements one way or the other as to those matters which are to be dealt with in the discretion of the courts, on all the facts.” (Vanderbilt v. Vanderbit, 1 N Y 2d 342, 353, affd. 354 U. S. 416.)
The question then is does the power to grant “ support ” include counsel fee Í In permitting prior payment of counsel fees out of a bail fund established in a separation action, the Appellate Division, First Department, in Matter of Kaufman (Gonzalez (272 App. Div. 323, 324) held: “ While the order of arrest does not mention counsel fees it specifies 1 support ’. The word ‘ support ’ as used in section 1169 of the Civil Practice Act comprehends ‘ necessaries ’ (Dravecka v. Richard, 267 N. Y. 180, 182) which in turn includes counsel fees (Elder v. Rosenwasser, 238 N. Y. 427).” While the rule thus enunciated has been refused application to section 49-b of the Personal Property Law, providing for collection of “support” out of wages (Langus v. Langus, 16 Misc 2d 648), it seems to have been applied under the matrimonial sections of the Civil Practice Act.
Thus, awards of counsel fee have been made under the provisions of section 1140-a (Shaw v. Shaw, 81 N. Y. S. 2d 684; Richards v. Richards, 2 Misc 2d 596) under the provisions of section 1164, which authorizes a direction in the final judgment in a separation action “ for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties ” (Kloek v. Kloek, 54 N. Y. S. 2d 543, 544) and under the provisions of section 1170, which requires that in an action for divorce or separation the court, either in the final *966 judgment or by an order made before final judgment, give such directions “as justice requires * * * where the action is brought by the wife, for the support of the plaintiff.” (Kennedy v. Kennedy, 283 App. Div. 1040, affd. without opinion 308 N. Y. 944.) While no case has been found awarding counsel fee under section 1155, which authorizes the court in the final judgment of divorce to provide ‘ ‘ for support of plaintiff, as justice requires, having regard to the circumstances of the respective parties,” this is perhaps explained by the fact that section 1170 covers both divorce and separation.
We thus have the anomalous situation that although under section 1169 which deals with alimony and expenses pendente lite in all types of matrimonial actions, an award is not normally made for past services, and, perhaps, may not be made where plaintiff wife has been able to borrow, neither of those limitations apply under the separate sections dealing with support orders in annulment actions (§ 1140-a) divorce action (§ 1155), separation action (§ 1164) and in separation or divorce actions (§ 1170). Further under both sections 1140-a and 1170, the court is authorized to act “ from time to time before final judgment ”, that is pendente lite.
Under the circumstances of the present case, there can be little question that the court’s discretion should be exercised in favor of awarding counsel fee. If an award is refused, the effect is simply to relegate plaintiff or her father, as the person who advanced the funds, to an action for necessaries. Such an action would have to be tried before a court which could not, by the very nature of things, be as familiar with the work done by plaintiff’s counsel as is the court which tried the matrimonial action. Further, defendant herein successfully evaded personal service and had to be served by publication and when an order was made appointing his father as guardian, the father refused to accept the appointment. There is little reason to expect, therefore, that if plaintiff is required to bring an action for necessaries, the same procedures of publication, etc. will not have to be followed. Under such circumstances, justice requires that an award be made in this proceeding to plaintiff covering the services of her counsel, and I, therefore, exercise the discretion granted me by section 1140-a to award plaintiff counsel fee in the amount of $400, covering all services heretofore rendered as well as those hereafter to be rendered in the preparation of the findings of fact, conclusions of law and the entry of judgment herein. The fee of the guardian ad litem is fixed at $150, which sum, pursuant to rule 43 of the Buies of Civil Practice, I direct shall be paid bv the defendant.
*967 Submit findings and conclusions and a judgment granting an annulment to the plaintiff, with costs and disbursements, fixing her support in the amount of $20 per week, awarding counsel fee to the attorney for the plaintiff in the amount of $400 and the compensation of the defendant’s guardian in the amount of $150.