◼ SHIRLEY TAMCHIN, Appellant, v. ARNOLD TAMCHIN et al., Respondents.— Judgment unanimously modified, on the law, on the facts, and in the exercise of discretion, to provide that the defendant, Arnold Tamchin, shall pay the plaintiff $12,000 a year, on a weekly basis, for the support and maintenance of herself and the child of the marriage, to be apportioned and paid $145 weekly for her support and maintenance and $86.50 weekly for the support, maintenance and education of the child, Ronni Tamchin; and to further provide that the defendant shall pay to plaintiff the sum of $2,500 to reimburse her for counsel fees expended in prosecution of this action; and judgment otherwise affirmed, with $50 costs and disbursements to the plaintiff. The standard of living of the parties before separation and the earnings of the defendant indicate that the total annual alimony and support payments of $10,000 yearly, as fixed by the trial court, are inadequate; and, on the basis of the record, it is established that the wife and child should receive a total of $12,000 annually for their support and maintenance. Also, it appearing that the wife has paid her attorney $2,500 in counsel fees for his services in the prosecution of this action and that the said sum is a fair and reasonable counsel fee for such services, the trial court should have included in the judgment a direction for plaintiff's recovery of the same rather than relegating her to the remedy of a plenary action. (See Domestic Relations Law, § 236; *Ranaudo* v. *Ranaudo,* 20 Misc 2d 963; *Ernst* v. *Ernst,* 40 Misc 2d 934; cf. *Brownstein* v. *Brownstein,* 25 A D 2d 205.) Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.

◼ ANNA H. MCARTHUR, Respondent, v. ELAD CONSERVATORY, INC., Doing Business as DALE DANCE STUDIO, Appellant.— Judgment for plaintiff, entered upon a jury verdict in a personal injury action, unanimously reversed and vacated, on the law and on the facts, with $50 costs and disbursements to the defendant, and complaint dismissed on the law, with taxable costs. The plaintiff slipped and fell on a dance floor, maintained by the defendant, Dale Dance Studio, as she was taking the first steps of a dance lesson being given to her by the defendant's teacher. Her testimony and the testimony of a witness that the floor was "highly polished" and that there was no "traction" or powder on the floor did not establish a case. (See *Paddock* v. *Church of St. Barnabas,* 24 A D 2d 716; *Gough* v. *Wadhams Mills Grange No. 1015, P. of H.,* 279 App. Div. 825; *Iorio* v. *Rockland Light & Power Co.,* 274 App. Div. 791; *Elias* v. *Heller,* 23 Misc 2d 201, affd. 16 A D 2d 760.) Although there was testimony that, on prior occasions, the defendant had placed a powdery substance on its dance floors, the nature of the substance and the purpose of the application was not established. Consequently, a case was not made out by the testimony that there was no resin, powder or other substance on the floor when the plaintiff fell. Concur — Rabin, J. P., Stevens, Eager, Steuer and Capozzoli, JJ.