WALTER E. EWART, Respondent, v. FORDOM FOREST PRODUCTS CORPORATION, Appellant.— In an action to recover for services rendered, order denying defendant's motion for summary judgment dismissing the first cause of action, and order granting in part plaintiff's motion for an examination before trial, insofar as appeal is taken, affirmed, with one bill of $10 costs and disbursements, the examination to proceed on five days' notice. Order granting in part and denying in part defendant's motion to examine plaintiff before trial modified by striking out the first and third ordering paragraphs and substituting in place thereof a paragraph providing that the motion is granted to the extent of items 1 to 12, inclusive, in the notice of motion. As thus modified, the order, insofar as appealed from, is affirmed, without costs, the examination to proceed on five days' notice. No opinion. Lewis, P. J., Johnston, Adel and Sneed, JJ., concur; Wenzel, J., concurs except as to the order denying defendant's motion to dismiss the first cause of action, and as to that he dissents and votes to reverse said order and to grant the motion, with leave to plaintiff to plead over as to the first cause of action, with the following memorandum: According to the complaint, the contract sued upon was entered into on the 1st day of July, 1946; it was to terminate on October 31, 1947. It, therefore, falls within the Statute of Frauds. Those cases which hold that an agreement unenforcible because of the statute may be validated by later agreement between the parties are cases in which the amending agreement brings the term of the contract within the prescribed period of one year. Here the supplemental agreements made the contract impossible of performance within a year of July 1, 1947. [See *post,* p. 815.]

ROSE IORIO, Respondent, v. ROCKLAND LIGHT AND POWER COMPANY, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff as the result of slipping on a waxed floor in defendant's premises, order of the County Court of Rockland County, affirming a judgment of the Police Justice's Court of the Village of Suffern in favor of the plaintiff, reversed on the law and the facts, with costs, the judgment vacated, and the complaint dismissed on the law, with costs. Plaintiff did not establish actionable negligence. The fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of negligent application of the wax or polish, does not give rise to a cause of action. (*Nelson* v. *Salem Danish Lutheran Church,* 270 App. Div. 1030, affd. 296 N. Y. 870.) There is no such proof in this record. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.