■ PERLE SWARTZ et al., Respondents, v. DAVID ROSE et al., Copartners Doing Business as WALDEN TERRACE Co., Appellants. — In a negligence action to recover damages for personal injuries sustained by the plaintiff wife and for loss of services and medical expenses sustained by her husband, defendants appeal from a judgment of the Supreme Court, Queens County, entered April 17, 1972, against them and in favor of plaintiffs on the issue of liability, upon a jury verdict, after a trial on that issue only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. The sole witness on the question of liability was the plaintiff wife. She testified that she opened the door of her apartment, stood on the doorsill and peered down the hallway where she saw the porter standing with a cord mop and a pail. She asked the porter if it was all right to come out and he told her that the floor was dry and beckoned to her to proceed. She looked at the floor and it appeared dry. On her second step from the doorsill, her feet skidded and she fell backwards. In trying to get up, she put her hand on the floor and felt a sticky substance. There was a waxlike substance on her right heel and a skidmark alongside of her. The sticky substance had an odor like turpentine. At the conclusion of the trial court's instructions to the jury, appellants' counsel asked the court to charge that " the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not

give rise to a cause of action or give rise to an inference of negligence." The court refused to so charge. In our opinion, this was error. The requested charge is a correct statement of law (*Nelson* v. *Salem Danish Lutheran Church,* 270 App. Div. 1030, affd. 296 N. Y. 870; *Paddock* v. *Church of St. Barnabas, Woodlawn & McLean Hgts.,* 24 A D 2d 716; *Iorio* v. *Rockland Light & Power Co.,* 274 App. Div. 791). In the absence of such charge, the jury may have been left with an erroneous impression with respect to defendants' legal duty; and its finding of negligence may well have been based solely upon a finding that the floor was slippery. Hopkins, Acting P. J., Munder and Brennan, JJ., concur; Gulotta, J., dissents and votes to affirm, with the following memorandum: Upon this trial on the issue of liability only, sufficient proof was adduced to permit the jury to conclude that defendants' employee created the dangerous condition which caused the plaintiff wife to fall. Furthermore, he beckoned her to come forward when he knew or should have known that the substance he was applying was slippery and not yet dry (*Baisley* v. *Rose,* 35 A D 2d 841).