■ JEROME GRIFFIN, Appellant, v CORTLAND MEMORIAL HOSPITAL, INC., et al., Respondents. — Appeal (1) from orders of the Supreme Court at Special Term (Fisher, J.), entered February 10, 1981 in Cortland County, which granted defendants' motions for summary judgment; and (2) from the judgment entered thereon. Over a two-year period, commencing March 13, 1977, plaintiff was treated at the emergency room of defendant hospital. His complaints varied from acute appendicitis to chills and nausea, to lacerations and pain incurred in an automobile accident. The variety of his complaints and the comparative frequency of his visits prompted the hospital attendants to place plaintiff's name on its list of problem patients, i.e., those suspected of drug abuse or of being accident prone. On February 12, 1979, plaintiff complained of pain in the cervical area as the result of a fall. He was diagnosed as having a sprain of the SCM muscle. Concerned about plaintiff's persistent requests for medication, a duty nurse called plaintiff's treating physician the following day and allegedly informed that doctor's secretary that plaintiff was suspected of being a drug abuser and of having pricked his finger in order to add blood to his urine sample. Plaintiff sued the hospital, the nurse and defendant Laubenstein (a physician's assistant who made prior entries in plaintiff's emergency room record to the effect that plaintiff was a "[k]nown drug abuser") for defamation. An additional cause of action for medical malpractice has apparently been abandoned and is not argued on this appeal. Defendants moved for summary judgment in regard to the defamation action. Special Term granted the motion and we agree with its determination. Inasmuch as defendants, as hospital personnel, had a duty to communicate their findings and opinions to the treating physician and other hospital personnel, their communications were protected by a qualified privilege requiring plaintiff to prove actual malice (*Stukuls v State of New York,* 42 NY2d 272; *Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56). In his affidavits opposing defendants' motions, plaintiff has failed to supply evidence sufficient to raise an issue of fact as to actual malice and to overcome the privilege. Accordingly, summary judgment was properly granted to defendants (*Shapiro v Health Ins. Plan of Greater N. Y., supra*). Moreover, Special Term did not abuse its discretion in refusing plaintiff's request for a continuance to provide him with an opportunity to discover actual malice. Plaintiff made no showing whatsoever of what facts he might discover if such opportunity were afforded him. The orders and judgment appealed from should be affirmed. Orders and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.