■ GLADYS GALLER, Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Respondents-Appellants, and ARCADE CLEANING CONTRACTORS, INC., Appellant-Respondent, et al., Defendant. — Judgment of the Supreme Court, New York County (Arthur Blyn, J.), entered November 16, 1982, upon the verdict of a jury, in favor of plaintiff and against defendant

Prudential Insurance Company and granting defendant Prudential judgment over against defendant Arcade Cleaning Contractors, Inc., for the full amount, reversed, on the law, and the complaint dismissed, without costs. Plaintiff was employed as an administrative clerk by the Civil Court of the City of New York at 50 Park Place, New York City. During the period commencing sometime in the summer of 1978 and continuing into November, 1978 the lobby floor of the building which was made of dark-colored terrazzo, was covered with cardboard which was taped to the floor to protect it from damage while the Corporation Counsel of the City of New York was moving into three floors of the six-story building. On Monday, November 20, 1978 the floor was exposed for the first time in months. Plaintiff entered the building on her way to the third floor where she worked. When she entered she noticed that the lobby floor "was beautifully cleaned, it was shiny and looked beautiful." As she walked across it "It seemed to be slippery." She proceeded toward the elevator bank when her "right leg shot out" and she "landed flat" on her left knee. She was lifted to a chair by an employee of the building and her left leg was propped up. She then saw a streak on the floor where she fell which was about two feet long. Other employees of the Civil Court testified that, on the morning in question, the floor was slippery. To rebut the inference that the floor had been waxed, the night operations manager of Arcade, the cleaning contractors employed to clean the building, including the lobby, testified that the lobby floor was never waxed and that the only substances used in cleaning the lobby were water and E-Z Stripper, a general purpose cleaner and wax stripper which contained no wax, and that the shiny appearance of the floor was inherent in the floor itself. Other employees of Arcade testified that they had observed plaintiff on the lobby floor and that there was neither water nor marks on the floor in the vicinity of plaintiff. To complete testimony on the issue of negligence plaintiff testified that she was taken to the hospital almost immediately after the accident. When she was released 10 days later she observed the nurse who gave her her shoes scrape something which looked like wax off the heel. Much like the case at bar is *Silva v American Irving Sav. Bank* (31 AD2d 620). There, plaintiff observed pieces of wax and a three-foot line leading to the point where her heel came to rest immediately after the fall. She also found wax on her heels, stockings and coat. Nevertheless, we there held that the mere application of wax to a tiled floor did not establish actionable negligence and that the failure to establish improper application of the wax or improper maintenance of the floor, neither of which has been shown here, precluded recovery. The Court of Appeals affirmed without opinion (26 NY2d 727; see, also, *Paddock v Church of St. Barnabas,* 24 AD2d 716.) Concur — Sandler, J. P., Asch and Silverman, JJ.; Bloom and Fein, JJ., concur in the result only.