■ DANIEL DRAMER, Appellant, v COLLEGE ENTRANCE EXAMINATION BOARD et al., Respondents.—In an action for a declaratory judgment, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Balletta, J.), dated January 26, 1984, which granted the defendants' motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, declaring that plaintiff is not a qualified and eligible employee for total disability coverage under a certain policy of insurance.

Judgment affirmed, with costs.

Plaintiff commenced the instant action against defendants, the College Entrance Examination Board, his employer, and Teacher's Insurance and Annuity Association of America (hereinafter TIAA), an insurer, for a judgment declaring that he was an eligible employee covered under a total disability insurance policy, the subject of this action, and entitled to benefits thereunder. The crucial issue in this case concerned the effective date of plaintiff's full-time employment. Notwithstanding plaintiff's arguments that under a prior oral agreement he became a full-time employee on January 1, 1982, documents submitted by the parties in their respective motions for summary judgment, established that plaintiff was appointed to his employment position effective January 4, 1982. As a result thereof, under the terms and conditions of the subject policy, the effective date of plaintiff's coverage was February 1, 1983. Plaintiff, however, became totally disabled and unable to work as of on or about January 25, 1983, prior to the effective date of his insurance coverage.

Plaintiff contends on this appeal that summary judgment should not have been granted dismissing the complaint against both of the defendants, because, among other things, factual questions were present which should have been fully explored at trial. We disagree. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562). "[O]nly the existence of a bona fide issue raised by evidentiary facts" can withstand a motion for summary judgment (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). With respect to plaintiff's contention that further discovery was necessary, based upon the record we conclude that Special Term properly refused his request. "Plaintiff made no showing whatsoever of what facts he might discover if such opportunity were afforded him" (*Griffin v Cortland Mem. Hosp.*, 85 AD2d 837).

We have also examined plaintiff's remaining contentions and find them to be without merit.

Therefore, Special Term properly granted summary judgment in favor of defendants declaring that plaintiff was not an eligible employee entitled to benefits under the subject policy. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.