■ LYNN LOWREY et al., Respondents, v CUMBERLAND FARMS, INC., Defendant and Third-Party Plaintiff-Appellant. METZGER'S CARPET CLEANING, Third-Party Defendant-Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered July 17, 1989 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint and granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff Lynn Lowrey (hereinafter plaintiff) commenced this action to recover for damages allegedly incurred as a result of her slip and fall in defendant's store. In the third-party complaint, defendant alleges that plaintiff's injuries were caused by the negligence of third-party defendant, an independent cleaning service, in cleaning and waxing the floor earlier the same morning. Following joinder of issue, service of bills of particulars and depositions of the parties, defendant moved for summary judgment dismissing the complaint and third-party defendant moved for summary judgment dismissing the third-party complaint. Supreme Court denied defendant's motion and granted third-party defendant's motion. Defendant appeals.

On its motion, defendant came forward with examination before trial testimony of plaintiff, defendant and third-party defendant, which competently established the following circumstances. During the early morning hours of October 13, 1986, third-party defendant's owner, Ronald Metzger, and an employee, Mark Scott, performed cleaning services at defendant's store, which consisted of stripping a buildup of old wax from the store's tile floor and then cleaning, rinsing and applying three coats of finish wax to the floor. Metzger testified that when he and Scott left the premises, the wax was dry. Phyllis Lighthall, an employee of defendant, testified that she opened the store at 6:00 A.M. and found the floor to be clean and shiny but not slippery. Plaintiff entered the store just before 8:00 A.M., at which time it was either raining or snowing, wiped her feet on a carpet inside the door, took two

steps on the carpet and then slipped with her first step on the waxed tile floor. Plaintiff testified that she saw no oil or other type of foreign substance in the parking lot or on the sidewalk of the premises and that she looked at the soles of her shoes after the incident, to see what had caused her to fall, and found nothing. Notably, plaintiff testified that the floor inside the store was clean and dry and that there was no wet area.

In order to impose liability upon defendant, there must be evidence tending to show the existence of a dangerous or defective condition and that defendant either created the condition or had actual or constructive knowledge of it *(see, Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, *affg* 99 AD2d 246; *Payne v Big V Supermarkets,* 140 AD2d 422). Additionally, it is well established that " 'the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence' " *(Swartz v Rose,* 40 AD2d 1028, 1029; *see, Galler v Prudential Ins. Co.,* 99 AD2d 720, *affd* 63 NY2d 637; *Nelson v Salem Danish Lutheran Church,* 270 App Div 1030, *affd* 296 NY 870).

Clearly, defendant made a prima facie showing that neither it nor third-party defendant was negligent, thereby shifting the burden to plaintiff to come forward with evidentiary proof sufficient to raise triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378, 380). In our view, and contrary to Supreme Court's determination, plaintiff failed to satisfy that burden. In an affidavit in opposition to the motion, plaintiff stated that she was in error when she testified that the floor was not wet. Instead, she now assumes a neutral position, stating that she "cannot say that [she] observed any wet area or any other substance". However, because of the precipitation outside, she opines that "the floor inside the store must have been wet unless someone was periodically mopping up the water". As properly contended by defendant, the first of these statements does not furnish proof of negligence and the second is conclusory and incompetent *(see, supra).*

Further, plaintiff's vague testimony concerning a store employee's admission that two other people had slipped or fallen does not assist her here, where there is no detail as to time and place. As a final matter, we reject the contention that defendant's motion should have been denied in order to permit further disclosure in the absence of a showing that any

additional evidence would assist in raising a factual issue *(see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026; *Griffin v Cortland Mem. Hosp.,* 85 AD2d 837, *lv denied* 56 NY2d 507).* Accordingly, since there are no genuine factual issues concerning the negligence of defendant or third-party defendant, both motions for summary judgment should have been granted.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. Casey, J. P., Yesawich, Jr., Mercure and Harvey, JJ., concur.

Mikoll, J., dissents and votes to affirm in a memorandum.

Mikoll, J. (dissenting). In my view, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

In a motion for summary judgment, the evidence must be viewed in a light most favorable to plaintiff and she must be accorded the benefit of every reasonable inference *(see, Negri v Stop & Shop,* 65 NY2d 625, 626). Summary judgment should not be granted if a question of fact exists or may exist.

Plaintiff, to establish prima facie negligence, must demonstrate actual or constructive notice of the condition which caused the fall *(see, Torri v Big V of Kingston,* 147 AD2d 743, 744). The record discloses that the store in question was open since 6:00 A.M. on the day in question. It had been snowing or raining that morning. Other customers had preceded plaintiff into the store and passed over the newly waxed floor of the entryway. Plaintiff entered at 8:00 A.M. and fell in the entryway when she stepped on the waxed floor. The store manager, Phyllis Lighthall, told her that two other people had fallen on the floor earlier that morning. Plaintiff's affirmation to this effect must be accepted as true for purposes of the motion even though Lighthall controverts it.

The weather conditions, taken together with a newly waxed tile floor and the fact that others had fallen on the floor, are sufficient to raise a question of fact as to defendant's negligence. Plaintiff has sustained her burden of proof in establishing constructive notice on defendant of a dangerous condition. It can reasonably be concluded that customers coming into the store before plaintiff entered had to have tracked some of the water from the rain or snow falling outside into the entry hall. Further, Lighthall's admission that two others fell on the floor demonstrates awareness on defendant's part of a danger-

ous condition and sufficient time to attend to it. When Lighthall said others had fallen on the floor it can also be reasonably inferred that she was talking about the freshly waxed entry hall where plaintiff fell. The dangerous condition of the floor was further attested to by a man entering immediately after plaintiff, who also slipped but did not fall as he attempted to pick plaintiff up.

The record also discloses that Bob Grass, an employee of defendant, was told by the floor cleaners to warn customers of danger as the newly waxed floor is slippery when wet. No such warning was given even though it can reasonably be inferred that customers tracked water onto the floor from outdoors. This witness has not yet been deposed because plaintiffs have not completed discovery due to declaring bankruptcy. The future role of plaintiffs' attorney in these proceedings needs to be resolved.

Plaintiff, being entitled to every reasonable inference, has by direct and circumstantial evidence created a question of fact as to defendant's negligence. Accordingly, Supreme Court's decision should be affirmed.