■ ADINA PACIOCCO et al., Respondents, v MONTGOMERY WARD, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Smyk, J.), entered November 21, 1989 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Adina Paciocco (hereinafter plaintiff) was seriously injured on February 10, 1985, at about 12:30 P.M., when she slipped and fell in the main aisle of defendant's department store in the Village of Johnson City, Broome County. The store had opened for business at noon. Plaintiff and her husband subsequently commenced this action against defendant. The complaint and bill of particulars set forth a theory of recovery based upon defendant's negligence in creating a dangerous condition, namely, wetness upon a highly polished floor surface, and permitting it to remain, and in failing to provide mats or some other nonskid material on the floor.

Following discovery through examinations before trial (hereinafter EBTs), defendant moved for summary judgment, attaching excerpts from EBT transcripts which tended to establish either that plaintiff's fall was not attributable to a slip-

pery floor or that, in any event, defendant did not have actual or constructive notice of any slippery or wet conditions in the vicinity of the accident. Plaintiff's papers in opposition consisted also of EBT excerpts, the affidavit of plaintiff and that of a professional engineer as a safety expert.

Factually, plaintiff's opposing papers set forth that some nine inches of snow had fallen in the area the day preceding the accident and that the parking lot and sidewalks adjoining defendant's store had 2 to 3 inches of snow and ice accumulation. Plaintiff entered the store where there was a rubber mat in the vestibule and a mat placed immediately beyond the vestibule doors as one entered the store proper. The main aisle had a surface of vinyl-type flooring which "was highly polished and wet" from people walking on it and tracking in melting snow and ice. Plaintiff was at a cash register with a shirt she intended to buy, changed her mind and then turned and started down the aisle to return the shirt when she slipped and fell. While on the floor, she observed a puddle of water one fourth to one half of an inch deep underneath and around her. She also observed heavy wax on the floor which was highly polished. Supreme Court denied defendant's motion for summary judgment. This appeal followed.

We reverse. There was absolutely no evidence that defendant created the allegedly dangerous condition causing plaintiff's fall, either by placing the water on the floor or doing anything improper with respect to polishing the floor. Nor was there any proof that any of defendant's employees had actual notice of the wet surface of the floor where plaintiff fell. The store had opened only some 30 minutes before the accident and there was no evidence of when the puddle plaintiff described had accumulated within that time frame. The proof plaintiff submitted was insufficient in terms of setting forth facts from which constructive notice could be found (see, Torri v Big V, 147 AD2d 743, 744-745). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).

On virtually identical facts and a similar claim that negligence of a department store was established by proof that it had allowed slush to accumulate inside the store and failed to put down mats, the Court of Appeals affirmed a reversal of the plaintiff's verdict and dismissal of the complaint on the ground that negligence had not been established, as a matter

of law *(see, Holmes v Hengerer Co.,* 303 NY 677, *affg* 277 App Div 936).

The foregoing deficiency of proof was not remedied by the affidavit of plaintiff's expert, a safety engineer, who opined that the failure of defendant to place a mat or carpet down the main aisle of the store was "a departure from customary standards of safety in a public area of a merchantile establishment such as a department store". Apart from unrelated qualifications and experience as a safety engineer and safety consultant, including work for "the Rockefeller Group" and two construction companies and testifying in the course of his entire career "in approximately 60 [undescribed] cases for both plaintiffs and defendants" as an expert in safety engineering, the sum total of plaintiff's expert's claimed experience directly relevant to the "customary standards of safety" for department stores, is the statement that "I have also analyzed many accident scenes where people have slipped and fallen on floors, etc., including floors in department stores". This was an insufficient foundation to establish the expert's knowledge of an industry-wide safety standard and was, therefore, speculative and lacking in sufficient probative force to create an issue of fact precluding summary judgment *(see, Fallon v Hannay & Son,* 153 AD2d 95, 101-102).

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Weiss, Levine and Harvey, JJ., concur; Mahoney, P. J., concurs in a memorandum; Mikoll, J., dissents and votes to affirm in a memorandum.

Mahoney, P. J. (concurring). Considering that defendant's store had been open for only about 30 minutes prior to plaintiff's fall and that the Court of Appeals affirmed the dismissal of a complaint on very similar facts *(see, Holmes v Hengerer Co.,* 303 NY 677, *affg* 277 App Div 936), I am constrained to agree with the majority that reversal is appropriate.

Mikoll, J. (dissenting). I disagree that plaintiff has failed to raise a question of fact as to defendant's negligence. The record discloses that defendant's store had opened at 12:00 P.M. on February 10, 1985. Employees were there at 11:30 A.M. It had snowed some nine inches the day before. On the day in question, the parking lot and sidewalk were snow-covered and icy. Plaintiff entered the store at approximately 12:30 P.M. She slipped and fell in the main aisle of defendant's store in its men's department. The aisle consisted of vinyl-type flooring which was highly polished. Plaintiff's testimony indicates that

the entire aisle was wet from customers tracking in snow from the outside. There was no carpet to soak up water in the aisle where plaintiff fell, nor any cautionary signs.

Defendant was aware of the prior day's weather conditions which continued to prevail on the day of the accident. It was obvious that snow would be tracked into the store and down the aisle where plaintiff fell. Plaintiff's testimony and that of her husband indicate that this had indeed occurred.

Plaintiff's expert, a professional engineer, is a safety engineer with 19 years of experience. He has specialized in measuring the coefficient of the friction of various floor surfaces, including vinyl. He opined that such floors are impervious to water and are slippery when wet or when waxed and highly polished.

Considering the snow conditions which had prevailed from the night before the accident and the likelihood of the store's vinyl floor becoming dangerously wet from customer traffic, it was incumbent upon defendant to take some positive action to forestall the dangerous condition from occurring. The record further indicates that another person had fallen on the floor some 15 minutes before plaintiff, although not in the same area.

Plaintiff has produced sufficient evidence to raise a question of fact as to the existence of an inherently dangerous condition, that is, a wet vinyl floor. The finder of fact should be allowed to determine whether defendant, considering weather and other pertinent circumstances, had sufficient notice and opportunity to remedy it.

It is to be noted that plaintiff's expert indicated that mats should be used to forestall slippery-when-wet conditions or some other means employed to pick up water. Finally, it is to be noted that plaintiff has not finished pretrial discovery of the maintenance supervisor and the witness who aided the stricken plaintiff and allegedly mopped up the wet floor and placed a cautionary sign on it.

Supreme Court's order should therefore be affirmed.