Rosemary WEEKS, Plaintiff,

v.

ARA SERVICES, ARA Risk Management, ARA Services, Inc., ARA Environmental Services, Inc., and ARA Group, Inc., Defendants.

ARA SERVICES, INC., Third–Party Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Third–Party Defendant.

No. 93 Civ. 1768 (VLB).

United States District Court, S.D. New York.

Nov. 28, 1994.

Kenneth Busman, White Plains, NY, for plaintiff.

David P. Redmond, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, New York City, for defendant.

Denise M. Cossu, Cerussi & Spring, White Plains, NY, for third party defendant.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This diversity of citizenship case arises out of a "slip and fall" personal injury sustained by plaintiff. Plaintiff brings this action against ARA Services ("ARA"), a contractor hired by International Business Machines Corporation ("IBM"), plaintiff's employer, to clean and wax floors; ARA filed a third party complaint against IBM for indemnification or contribution.

Each party has moved for summary judgment under Fed.R.Civ.P. 56. I grant both ARA and IBM's motions. The plaintiff's motion is denied. The Clerk is directed to close this case.

## II

The controlling facts are simple. The plaintiff was an employee of IBM at its Management Development Center in Armonk, New York. IBM contracted for ARA to provide both management and hospitality services, which included floor cleaning, at the Center.

On the evening of December 16, 1991 ARA stripped and rewaxed a tile floor in the building where plaintiff worked. On the morning of December 17, 1991 plaintiff went to see her supervisor, whose office was carpeted and adjacent to the area of hallway which had been waxed the night before by ARA. Immediately after plaintiff left the supervisor's office and stepped into the hallway, she slipped and fell, sustaining extensive injuries including a broken hip and wrist.

Plaintiff claims in this lawsuit that in waxing the hall floor, ARA employees also spattered wax on the carpeting in the offices adjacent to the hall, including the office of Mr. Lopez. Plaintiff does not claim that the waxed tiled floor directly caused her fall, but rather that while visiting the supervisor's office her shoe was coated with wet wax which had been spattered there the night before, and that this caused her to slip and sustain her injuries.

## III

In this diversity suit, New York law is applicable; New York precedent holds that "the fact that a floor is slippery by reason of its smoothness or polish ... does not give rise to a cause of action or ... an inference of negligence." *Swartz v. Rose*, 40 A.D.2d 1028, 1028–1029, 338 N.Y.S.2d 961 (2d Dept. 1972); see *Galler v. Prudential Ins. Co.*, 99 A.D.2d 720, 721, 472 N.Y.S.2d 334 (1st Dept. 1984); *Lowrey v. Cumberland Farms, Inc.*, 162 A.D.2d 777, 778, 557 N.Y.S.2d 689 (3d Dept.1990); *Gootman v. Village of Haverstraw*, 200 A.D.2d 829, 606 N.Y.S.2d 411 (3d Dept.1994). For ARA or IBM to be liable there must be at least some evidence indicating that polish or wax was negligently applied or that there was improper maintenance of the floor. *Swartz v. Rose, supra*, 40 A.D.2d at 1028–1029, 338 N.Y.S.2d 961; *Gal-*

*ler v. Prudential Ins. Co., supra*, 99 A.D.2d at 721, 472 N.Y.S.2d 334.

Under New York law, to prevail plaintiff must produce evidence which tends to show a dangerous condition and that a defendant either created the condition or had knowledge, actual or constructive, of its existence. *Lowrey v. Cumberland Farms, Inc.*, 162 A.D.2d 777, 778, 557 N.Y.S.2d 689 (3d Dept.1990); *Paciocco v. Montgomery Ward*, 163 A.D.2d 655, 656, 557 N.Y.S.2d 997 (3d Dept.1990).

## IV

Although plaintiff asserts that ARA negligently applied the wax to the floor by allowing it to spatter on the carpet of adjacent offices, and in doing so, caused her to fall, plaintiff offers no evidence to support this claim. Plaintiff presents no proof that any wax or solvent was actually present on the carpet or that wax was spattered. The only support for such a conclusion is that there was "discoloration" on the carpet and one co-worker stated there was a "waxy, greasy feeling." No analysis of the carpet fibers to determine if a chemical solvent or wax was present has been conducted, attempted, or shown to be impracticable.

Plaintiff does not claim to have noticed any wax on her shoe immediately after her fall and there is no evidence that any wax or solvent was present on her shoe. While plaintiff's expert argues that the wax on the shoe may not have been visible to the naked eye, no chemical or other tests were made or attempted to determine whether such invisible solvents did actually exist on the bottom of her shoe.

Where relevant information, as in the case of plaintiff's shoes, is in the possession or control of one party and not provided, then an adverse inference may be drawn that such information would be harmful to the party who fails to provide it. *Baxter v. Palmigiano*, 425 U.S. 308, 316–20, 96 S.Ct. 1551, 1557–59, 47 L.Ed.2d 810 (1976); *Gray v. Great American Recreation Ass'n.*, 970 F.2d 1081, 1082 (2d Cir.1992); *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir.1988); see Fed.R.Civ.P. 37(c)(1) as amended in 1993.

## V

Plaintiff's expert witness states that plaintiff "picked up some residue of solvent and/or other chemical solution spattered on Ed Lopez's carpet by ARA and this was the direct and proximate cause of [plaintiff's] accident." No genuine basis for this assumption has been provided; the expert indeed fails to analyze or determine what the "chemical solution" claimed to have been on the carpet is. Since the expert cannot state what solvent or wax which was supposedly on Mr. Lopez's carpet, his statement that "any wax or solvent ... would serve as a lubricant" is unsubstantiated.

 Generalized and conclusory affidavits are insufficient to withstand defendants' motion for summary judgment. *Applegate v. Top Associates, Inc.*, 425 F.2d 92, 96 (2d Cir.1970); *Citizens Environmental Council v. Volpe*, 484 F.2d 870, (10th Cir.1973) cert. denied, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974).

**SO ORDERED.**