Josephine HASCUP, Plaintiff,

v.

**George HASCUP and Bonnie Hascup, Defendants.**

**No. 96–CV–271 (FJS)(DS).**

United States District Court, N.D. New York.

Aug. 4, 1997.

Lopinto, Schlather, Solomon & Salk, Raymond M. Schlather, of counsel, Ithaca, NY, for Plaintiff.

Williamson, Clune & Stevens, Paul D. Sweeney, of counsel, Ithaca, NY, for Defendants.

## MEMORANDUM–DECISION and ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff brings this negligence action pursuant to 28 U.S.C. § 1332 for injuries sustained on November 23, 1994, when Plaintiff slipped on the front porch at the home of her son, Defendant George Hascup, and her daughter-in-law, Bonnie Hascup, ("Defendants"). Plaintiff alleges that the Defendants were negligent in maintaining their porch in a dangerous condition and failing to remedy the condition. Plaintiff seeks $300,-000 in damages as a result of her injuries. The Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Background

At the time of the accident, Plaintiff, who was seventy-three years old at the time, was visiting her son's family in Ithaca, New York, a trip she made three to four times a year from her home in New Jersey since 1985. At approximately ten o'clock in the morning on Wednesday, November 23, 1994, Plaintiff decided to sit in a chair on the Defendants' open-air front porch and watch the snow fall, some of which had fallen on the floor of the porch.[1] Upon opening the front door of the house, Plaintiff began walking to her left in the direction of the chairs located at the end of the porch. When Plaintiff reached halfway between the front door and the chairs, she slipped and landed on the porch floor, seriously and permanently injuring herself.

### Discussion

As stated, Plaintiff alleges that the Defendants were negligent by maintaining their porch in a dangerous condition and by failing to remedy the condition. Specifically, Plaintiff alleges that the porch was dangerous because its hardwood floor was "inherently slippery" and was made even more slippery when covered with snow. Plaintiff claims that despite the Defendants' knowledge of the porch's dangerous condition, they failed

---

1. During her visits to the Defendants' home throughout the year, Plaintiff would sit on the front porch every morning.

to remedy the condition or warn others about the condition. The Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Defendants argue that they are entitled to summary judgment because (1) a slippery floor, without more, cannot establish liability for negligence, and (2) a property owner has no duty to remedy a snow-related dangerous condition until after the snowstorm has stopped.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is warranted if, when viewing the evidence in a light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 457, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993).

■ In New York, to prove negligence on the part of a defendant in these circumstances, there must be evidence tending to show the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive knowledge of it and failed to correct the condition within a reasonable time thereafter. *Lowrey v. Cumberland Farms Inc.,* 162 A.D.2d 777, 557 N.Y.S.2d 689, 690 (3rd Dep't 1990). In addition, "it is well established that the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence." *Id.* 557 N.Y.S.2d at 691 (citations omitted).

■ Plaintiff first argues that the floor of Defendants' porch was a dangerous condition because it was "inherently slippery" as a result of being treated with urethane. The Defendants do not dispute the fact that their hardwood floor was slippery. The Defendants, citing *Lowrey,* argue that even if the floor were determined to be inherently slippery, that does not provide a basis of liability, unless the Plaintiff can show that the urethane was applied in a negligent manner.

*See Lowrey,* 557 N.Y.S.2d at 691. The Court agrees, and finds that the "inherent slipperiness" of the porch floor cannot by itself constitute a "dangerous condition."

The Plaintiff further argues that the porch floor was rendered in a dangerous condition when the snow fell on it and that the Defendants were negligent for failing to remedy the condition of their porch once they became aware that snow had fallen on it. The Defendants argue that even though they had notice of the snow which may have fallen on the porch floor, they are not liable for Plaintiffs fall because the accident occurred during the snowfall.

■ In New York, "[a] party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions." *Fusco v. Stewart's Ice Cream Co.,* 203 A.D.2d 667, 610 N.Y.S.2d 642, 642 (3rd Dep't 1994) ("The lapse of reasonable time does not occur while a storm is in progress.") (citations omitted). It is undisputed that Plaintiff slipped and fell during the snowstorm and as such, the Defendants did not have a duty to clear the snow from the porch prior to the accident occurring. Therefore, the Court finds that the Defendants are not liable as a matter of law for negligence stemming from their knowledge that the porch was covered with snow.

### Conclusion

Therefore, having found that the Defendants are not liable for negligence in maintaining a slippery porch or for their knowledge that snow covered their porch, it is hereby

ORDERED that the Defendants' motion for summary judgment is GRANTED, and Plaintiff's complaint is DISMISSED in its entirety.

**IT IS SO ORDERED.**