08-5364-cv
Boutsis v. Home Depot

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:   ROBERT D. SACK
                      DEBRA ANN LIVINGSTON
                      GERARD E. LYNCH,
                                          *Circuit Judges*,

-------------------------------------------------------------------
ANASTASIOS BOUTSIS,
                              *Plaintiff-Appellant*,

                    v.                                                              No. 08-5364-cv

THE HOME DEPOT,
                              *Defendant-Appellee.*
-------------------------------------------------------------------

APPEARING FOR APPELLANT:      ANNETTE G. HASAPIDIS, South Salem, NY

APPEARING FOR APPELLEE:       THOMAS P. LYNCH, Lynch Rowin LLP, New York, NY, (Patrick J. Comerford, Lynch Rowin LLP, New York, NY and Christopher A. Holecek, Wegman, Hessler & Vanderburg, Cleveland, OH, *on the brief)*

Appeal from the United States District Court for the Eastern District of New York

(Cheryl L. Pollak, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of district court, entered on October 2, 2008, is VACATED

and the case is REMANDED for further proceedings.

Plaintiff-appellant, Anastasios Boutsis, filed the underlying action in the Supreme Court of New York, Kings County, and the defendant removed the case to federal court in December 2005. Plaintiff asserted a claim for negligence in connection with an accident that occurred at defendant-appellee's store in Brooklyn. The parties consented to have a magistrate judge conduct all proceedings pursuant to 28 U.S.C. § 636(c) and agreed that the case is governed by New York law. Plaintiff now appeals from the judgment of the district court, granting summary judgment for the defendant.

Plaintiff's claim arises from an incident that occurred when he was shopping for a snow blower. Plaintiff selected a snow blower and removed it from a waist-high shelf by holding the sides of the box and hugging it to his body, rather than lifting the box by its handles. As he was putting the box in his shopping cart, the machine fell through the bottom and landed on his foot, injuring his toe. Plaintiff contends that Home Depot did not follow its policy of requiring salespeople to instruct customers not to remove heavy items from shelves by themselves, and that there were no signs posted warning customers not to do so.

Plaintiff argues that the defendant negligently maintained a dangerous condition on its property since it stacked boxes in such a way that customers might injure themselves by removing the boxes improperly. In order to succeed in a premises liability claim under New York law, a plaintiff must demonstrate both the existence of a dangerous or defective condition and that the defendant either created the condition or had actual or constructive knowledge of the condition and failed to correct it. *Hascup v. Hascup*, 969 F. Supp. 851, 853

(N.D.N.Y. 1997), citing *Lowrey v. Cumberland Farms, Inc.*, 557 N.Y.S.2d 689, 690 (3d Dep't 1990). The district court granted defendant's motion for summary judgment, finding that while plaintiff had produced sufficient evidence to permit a reasonable jury to find the existence of a dangerous condition, he had not shown either that Home Depot was responsible for the condition or that it had notice of the condition. The district court rejected plaintiff's argument that Home Depot's official policy of instructing customers not to remove heavy boxes from shelves without assistance demonstrated its knowledge of a dangerous condition, finding that plaintiff had no evidence that Home Depot in fact had such a policy.

We review a summary judgment award *de novo*, "examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party's favor." Pyke v. Cuomo, 567 F.3d 74, 76 (2d Cir. 2009). Summary judgment is proper only "if there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Genuine issues of material fact exist as to whether Home Depot maintained a policy of warning customers to seek assistance before attempting to remove heavy boxes from shelves. The testimony of Home Depot employee Elizabeth Monahan, a salesperson in the gardening department, concerning the policy of the store is inconsistent. While Monahan at one point in her deposition testified that she was instructed to remove items from shelves for customers only when they did not volunteer to do so themselves, she also stated that she had been told by Home Depot to warn customers not to take snow blowers down from the shelves themselves to prevent injury. In light of this inconsistency, the district court was wrong to

3

conclude that there was no evidence that Home Depot had notice of a dangerous condition and to grant summary judgment on this basis.

Since we find that plaintiff has adduced evidence sufficient to permit a reasonable jury to conclude that Home Depot had actual notice of a dangerous condition in its store, we need not reach plaintiff's arguments that Home Depot could be found by a jury to have either created the dangerous condition or to have had constructive knowledge of the condition.

Defendant argues that plaintiff caused his own injury by lifting the box from its sides, rather than by using the box's handles, thereby causing the snow blower to fall out of the bottom of the box. It claims that since the risk associated with improperly handling a box is readily discernible to an ordinary person, it had no duty to eliminate the risk or to warn customers of it. We are not fully persuaded that the danger presented by picking up a box from its sides is open and obvious as a matter of law. However, even if the danger of this action were open and obvious, this merely eliminates the property owner's duty to warn and does not eliminate its duty to maintain its premises in a reasonably safe condition. *See Cupo v. Karfunkel,* 767 N.Y.S.2d 40, 43 (2d Dep't 2003). To the extent that defendant suggests that it should be relieved of liability because of plaintiff's negligence in handling the box, it is clear under New York law that the issue of comparative negligence is a question of fact proper for determination by a jury. *Tuthill v. United States,* 270 F. Supp. 2d 395, 399 (S.D.N.Y. 2003) ("It is well settled that comparative negligence must be determined by a jury, and therefore cannot be decided on a summary judgment motion."), citing *Louise B.G. v. New York City Bd. of Educ.,* 533 N.Y.S.2d 293, 295 (2d Dep't 1988).

4

Plaintiff additionally argues in his briefs and at oral argument that defendant is liable for selling a defective product, since it failed to detect that the box was unsafe and since this could have been discovered during a reasonable physical inspection, citing *Naples v. City of New York*, 309 N.Y.S.2d 663 (2d Dep't 1970). This argument was never made to the district court, and thus we have not considered it. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004) ("In general we refrain from passing on issues not raised below.").

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court