Howard MEEHAN

v.

TOWN OF EAST LYME, et al.

Civil No. 3:94CV1825 (AHN).

United States District Court,
D. Connecticut.

March 20, 1996.

Barry Ward, New London, CT and Colleen Fries, Bai, Pollock & Dunnigan, Bridgeport, CT, for plaintiff.

Kenneth J. McDonnell, Gould, Larson, Bennet, Wells & McDonnell, Essex, CT, for defendants.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NEVAS, District Judge.

The plaintiff, Howard Meehan ("Meehan"), a former teacher in the East Lyme, Connecticut school district, brings this civil rights action against the Town of East Lyme, the Board of Education of East Lyme ("Board"), the members of the Board in their official and individual capacities, and the former East Lyme Superintendent of Schools, Harold G. Rowe ("Rowe"), in his official and individual capacity (hereinafter collectively "the defendants"). Meehan alleges that his removal from his tenured teaching position denied his right to procedural due process under the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

Presently pending is the defendants' motion for summary judgment. For the reasons that follow, defendants' Motion for Summary Judgment [doc. # 26] is GRANTED.

### STANDARD

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to

any material fact.'" *Miner v. City of Glens Falls,* 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir.1992).

## FACTS

The court finds the relevant facts as follows. Meehan began teaching in the East Lyme school system in 1974 as a general science teacher at the East Lyme Junior High School and later at the East Lyme Middle School. Since 1974, he taught sixth, seventh, and eighth grade science to children ranging in age from ten to fourteen years.

On June 17, 1992, Rowe notified Meehan that the Board would consider the termination of his tenure contract at its next regular meeting on June 22, 1992. (*See* R. on Appeal to Appellate Court, *Howard Meehan v. East Lyme Bd. of Educ.,* No. A.C. 13441, at 4 [hereinafter "R."].) During the regular meeting, the Board voted to consider the termination of Meehan's employment contract and Meehan received notice of this vote by letter dated June 23, 1992. (*Id.* at 5.) Within the period prescribed by Conn.Gen. Stat. § 10–151(d), Meehan timely requested a statement of reasons for the Board's decision and a hearing. (*Id.*)

By letter dated June 30, 1992, Rowe sent Meehan a statement of the reasons underlying the Board's vote to consider his termination ("notice letter"). The notice letter listed the reasons as: 1) inefficiency and incompetence; 2) insubordination against the reasonable rules of the Board; and 3) other due and sufficient cause. (*Id.* at 5, 48.) The notice letter also included a list of twenty-four allegations against Meehan, divided into eight separate categories. (*Id.* at 48–51.) In addition, it referred Meehan to his personnel file, which Rowe characterized as being "replete with instances which fall within the issues described above...." (*Id.* at 51.) The Board then provided Meehan with a copy of his entire personnel file by July 1, 1992. (*Id.* at 76.)

Subsequently, the Board held the requested evidentiary hearings on the charges against Meehan on nineteen dates, from July 24 to October 7, 1992. (*Id.* at 5–6, 72.) The Board deliberated on October 15 and 16, and issued its findings of fact and conclusions. (*Id.* at 6.) Rowe signed the Board's findings and conclusions on October 29, 1992, which terminated Meehan's contract. (*Id.* at 72.)

Meehan appealed the Board's decision to the Connecticut Superior Court pursuant to Conn.Gen.Stat. § 10–151(f) and sought backpay and reinstatement. (*Id.* at 20–51.) On appeal, he contended that various aspects of his termination violated due process. Specifically, Meehan alleged that Rowe's notice letter, (*see id.* at 23–24, 28–30, 38, 72–73), and the hearings conducted by the Board, (*see id.* at 31–38), violated state and federal due process.

After a bench trial, Judge Hendel of the Connecticut Superior Court found by Memorandum of Decision dated March 9, 1994, that the actions of the Board, including Rowe's notice letter, "met the requirements of due process under federal and state law" and dismissed Meehan's appeal. *Meehan v. East Lyme Bd. of Educ.,* No. CV52–50–63–S, slip op. at 6–7 (Judicial Dist. of New London at New London, Mar. 9, 1994) (*See* R. at 76–77.)

Meehan appealed this decision to the Connecticut Appellate Court, claiming that the notice letter violated both state and federal due process. (*Id.* at 80–81.)

Meehan then initiated the present action on October 28, 1994, once again alleging that his termination, including Rowe's notice letter and the hearings conducted by the Board, violated his due process rights under the Fourteenth Amendment. (*See* Compl. ¶¶ 98–114.)

On April 18, 1995, the Connecticut Appellate Court affirmed the Superior Court's decision, *per curiam,* without comment. *Meehan v. Board of Educ. Town of East Lyme,* 37 Conn.App. 922, 655 A.2d 1177 (1995). On June 1, 1995, the Connecticut Supreme Court denied Meehan's certification for appeal from the Appellate Court. *Meehan v. Board of Educ. Town of East Lyme,* 234 Conn. 904, 659 A.2d 1205 (1995).

### DISCUSSION

At oral argument on defendants' motion on October 30, 1995, the court indicated to the parties that the doctrines of claim and/or issue preclusion (formerly res judicata and collateral estoppel, respectively)[1] might bar Meehan's section 1983 action. Accordingly, it instructed the parties to file supplemental briefs by December 8, 1995, addressing the application of these doctrines and *Kaufman v. Somers Bd. of Educ.,* 368 F.Supp. 28 (D.Conn.1973) to the present action.

The defendants argue in their supplemental brief that, because Meehan argued unsuccessfully in his state appeal that his termination violated his rights to federal due process, his section 1983 action based on the same violations is now barred by the doctrines of claim and issue preclusion. The court agrees.

■ The full faith and credit statute, 28 U.S.C. § 1738, directs a federal court to refer to the preclusive law of the state in which a prior judgment was rendered to determine the preclusive effect of that judgment in a

subsequent federal lawsuit. *See Marrese v. American Acad. of Orthopaedic Surg.,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985). *See also Valley Disposal v. Central Vermont Solid Waste Dist.,* 31 F.3d 89, 98 (2d Cir.1994). Accordingly, the court determines whether Connecticut's doctrines of claim and issue preclusion would bar the present action.

### I. *Claim Preclusion*

■ In Connecticut, "[u]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which *might have been offered* for that purpose." *DeMilo & Co. v. Commissioner of Motor Vehicles,* 233 Conn. 281, 292, 659 A.2d 162 (1995) (citations and internal quotations omitted; emphasis in original). *See also Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co.,* 227 Conn. 175, 188, 629 A.2d 1116 (1993) ("claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made.") (citations and internal quotations omitted).

■ Connecticut courts have adopted the "transaction test" of the Restatement (Second) "to determine whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of [claim preclusion]." *Connecticut Bldg. Wrecking Co.,* 227 Conn. at 189, 629 A.2d 1116. *See also Orselet v. DeMatteo,* 206 Conn. 542, 545–46, 539 A.2d 95 (1988); *Duhaime v. American Reserve Life Ins. Co.,* 200 Conn. 360, 364–66, 511 A.2d 333 (1986). Section 24 of the Restatement (Second) provides:

the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action

---

1. The court hereinafter refers to the doctrine of res judicata as claim preclusion and the doctrine of collateral estoppel as issue preclusion. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465

U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); Restatement (Second) of Judgments §§ 17–26, 27–29 (1982) (hereinafter "Restatement (Second)").

arose. What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) § 24. As section 25 elaborates: "[t]he rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." *Id.* § 25.

█ In applying the "transactional test", Connecticut courts "compare the complaint in the second action with the pleadings and the judgment of the first action." *Connecticut Bldg. Wrecking Co.,* 227 Conn. at 190, 629 A.2d 1116. *See also Duhaime,* 200 Conn. at 365, 511 A.2d 333 (courts look to the group of facts alleged to have caused the unlawful injury and note that even if a group of facts gives rise to several kinds of relief, it is still a single cause of action).

█ Application of the "transactional test" requires the conclusion that Meehan's section 1983 claim arises from the same transaction or series of transactions as his prior administrative appeal. A comparison of the complaint in this action with Meehan's pleadings in his administrative appeal and the Superior Court judgment demonstrates that the group of facts or transactions which Meehan claims to have unlawfully injured him are identical in both actions: the circumstances surrounding his termination by the Board, including Rowe's notice letter and the adequacy of the termination hearings. (*Compare* Compl. ¶¶ 98–144 *with* R. at 23–24, 28–38, 72–73, 76–77, 80–81.)

Meehan unsuccessfully challenged his termination through a statutory appeals process. *See* Conn.Gen.Stat. § 10–151(f). He again challenges his termination albeit in the guise of a section 1983 action. Meehan cannot now attempt to relitigate the same claim

under a new theory in order to obtain an alternate remedy. *See Duhaime,* 200 Conn. at 366, 511 A.2d 333. *See also* Restatement (Second) § 25.

Further, it is of no moment that the prior judgment arose in the context of an administrative appeal. Under circumstances strikingly similar to Meehan's, this district has previously determined that the dismissal of a teacher's administrative appeal by a Connecticut trial court barred his subsequent section 1983 action against the board of education. *See Kaufman,* 368 F.Supp. at 31–37.

Finally, it is irrelevant for the purposes of Connecticut's claim preclusion rules that Meehan's present due process challenge to his termination is couched in terms of a civil rights action under section 1983; section 1983 does not vitiate state preclusion law. *See Migra,* 465 U.S. at 85, 104 S.Ct. at 898.

Accordingly, the court determines that the present action arises out of the same transaction or series of transactions as Meehan's administrative appeal for the purposes of claim preclusion.

█ However, this does not end the court's claim preclusion analysis because that doctrine bars a subsequent action only between the same parties or those in privity with them. *See Connecticut Bldg. Wrecking Co.,* 227 Conn. at 188, 629 A.2d 1116. The named defendants in this action are different from those in the first. Whereas Meehan's section 1983 claim is asserted against the Town of East Lyme, the Board, and Rowe and the named members of the Board in their official and individual capacities, his state administrative appeal named only the Board itself as a party. Although the Board was a party in both actions and can therefore properly assert claim preclusion against Meehan, the court must determine whether the Town of East Lyme, Rowe, and the members of the Board are in privity with the Board such that they too can assert this defense against him. *See id.*

Connecticut looks to the Restatement (Second) § 51 for guidance in resolving such privity questions. *See id.* at 194, 629 A.2d 1116. Section 51 provides:

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct. . . .

Restatement (Second) § 51. Section 51 identifies several relationships which create vicarious liability in this context, including those between master-servant and agent-principal. *See* Restatement (Second) § 51 cmt. a.

Meehan, in the present action, alleges that the Board and Town have an agent-principal relationship, (*see* Compl. ¶¶ 4–9.), and that the Town and Board have a master-servant relationship with Rowe and the named members of the Board. (*See* Compl. ¶¶ 10–18.) Thus, the Town of East Lyme, and Rowe and the named Board members in their official capacities, are in privity with the Board. Therefore, Meehan's section 1983 action against these parties is also barred by the doctrine of claim preclusion.

However, the doctrine of claim preclusion does not bar the present action as to Rowe and named Board members in their individual capacities. *See, e.g., Gregory v. Chehi,* 843 F.2d 111, 120–21 (3rd Cir.1988) (claim preclusion barred action against town and council members in their official capacities, but not in their individual capacities); Restatement (Second) § 36(2). The court nevertheless concludes that Meehan's action against Rowe and the Board members in their individual capacities is barred by the doctrine of issue preclusion because the issue of whether his termination violated federal due process has already been presented to, considered, and rejected by the Connecticut Superior Court.[2]

## II. *Issue Preclusion*

■■■ In Connecticut, issue preclusion prohibits the relitigation of issues which were 1) actually litigated, and 2) necessarily determined, in a prior action. *Commissioner of Motor Vehicles v. DeMilo & Co.,* 233 Conn. 254, 267, 659 A.2d 148 (1995).

■■■■■ First, "[a]n issue is actually litigated if it is properly raised in the pleadings, submitted for determination, and in fact determined." *Carol Management Corp. v. Board of Tax Review,* 228 Conn. 23, 32, 633 A.2d 1368 (1993). An examination of the pleadings and the Superior Court decision confirms that Meehan challenged his termination, including the sufficiency of Rowe's notice letter and the hearings, on both state and federal due process grounds, and that the court rejected such claims. (*See* R. at 23–24, 28–38, 72–73, 76–77). It is irrelevant that the Superior Court did not specifically address each and every action by Rowe or the members of the Board which Meehan claimed in his 120 paragraph complaint to have violated his due process rights. *See Putnam Resources v. Frenkel & Co., Inc.,* No. CV 123838S, 1995 WL 416194, at *4 (Conn.Super.Ct. July 10, 1995) ("An issue may be actually decided even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached.") (citations and internal quotations omitted); *Lee v. Board of Educ.,* 181 Conn. 69, 81, 434 A.2d 333 (1980) (in an appeal pursuant to Conn. Gen.Stat. § 10–151(f) "the court must determine whether the appropriate procedure under the statute and the state and federal constitutions was employed . . . and whether the evidence relied upon was reliable and

---

2. Rowe and the members of the Board may assert issue preclusion against Meehan in their individual capacities even though they were not named as parties in that capacity in the administrative appeal. *See Aetna Casualty & Sur. Co. v. Jones,* 220 Conn. 285, 303, 596 A.2d 414 (1991) (issue preclusion "may be invoked against a party to a prior adverse proceeding or against those in privity with that party."); 1B James W. Moore, et al., *Moore's Federal Practice* ¶ 0.411[1] at III–206 (2d ed. 1985) ("In the case of collateral estoppel (issue preclusion) . . . in most jurisdictions . . . a judgment can be pleaded by a stranger [to the prior action] to estop a party to a prior proceeding from denying what was there judicially determined. . . .").

substantial and, if believed, sufficient to establish cause under the statute.").

Second, "[a]n issue is necessarily determined if, in the absence of a determination of the issue, judgment could not have been validly rendered." *Carol Management Corp.*, 228 Conn. at 33, 633 A.2d 1368. Here, the Superior Court was required by statute to determine whether all aspects of Meehan's termination comported with state and federal due process, *see Lee*, 181 Conn. at 81, 434 A.2d 333, and therefore could not have dismissed his appeal unless it determined that the Board's actions were constitutional in all respects.

██ Finally, in addition to the requirements above, to invoke the doctrine of issue preclusion the issues sought to be litigated in the second proceeding must be identical to those in the first. *Jones*, 220 Conn. at 297, 596 A.2d 414. In this inquiry, "the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." *Id.*

The court concludes that Meehan's current federal due process challenge to his termination under section 1983 is the same issue and arises from the same facts as those presented to and decided by the Superior Court. Meehan argued in his administrative appeal that his termination, including the notice letter by Rowe, the impartiality of the Board members, and inadequacy of the hearings, violated his state and federal due process rights. Meehan now seeks to relitigate the same facts and issues, albeit on federal due process grounds only. (*Compare, e.g.*, Compl. ¶¶ 98–144 *with* R. at 23–25, 28–39, 72–73, 76–77, 80–81.) This difference, or other minor discrepancies in the pleadings between the two actions, does not prevent the issue preclusion bar from applying here. *See Putnam Resources*, 1995 WL 416194, at *4 ("The issue sought to be precluded need not be precisely identical ... as long as it is substantially the same or at least clearly derivative of the prior court's decision on that issue...." ) (citations and internal quotations omitted). Accordingly, Meehan is now barred from relitigating the issue of due process against Rowe and the members of the Board in their individual capacities.

Because Meehan is precluded from bringing any of the matters presently before this court by Connecticut's doctrines of claim and issue preclusion, the court need not address the defendants' substantive objections to Meehan's claims.

## CONCLUSION

For the foregoing reasons, the defendants' Motion for Summary Judgment [doc. # 26] is hereby GRANTED.

SO ORDERED.