104 F.3d 352
 115 Ed. Law Rep. 337
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Howard MEEHAN, Plaintiff-Appellant,
v.
EAST LYME BOARD OF EDUCATION, Town of East Lyme, Harold
Rowe, Wray Abercrombie, Joseph Mingo, Karen Parks, Harold
Kaplan, Ann Marie Foster, Theodore Jablkowski, Mary
Broderick, James Anderson and Christopher Sweitzer,
Defendants-Appellees.
 No. 96-7454.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appeal from the United States District Court for the District of Connecticut (Nevas, Judge).
 Appearing for Appellant: Gilbert Shasha, New London, Connecticut.
 Appearing for Appellees: Kenneth J. McDonnell, Gould, Larson, Bennet, Wells, & McDonnell, Essex, Connecticut.
 Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Howard Meehan appeals from Judge Nevas's grant of summary judgment to appellees. His appeal claims several errors by the district court: (i) that appellees waived the defenses of issue and claim preclusion, (ii) that the state proceedings failed to comply with minimum due process standards and did not afford Meehan a "full and fair opportunity" to litigate his claims, (iii) that the district court abused its discretion in granting appellees' motion for an extension of time, and (iv) that the district court erred in ruling that the present action was barred as to Rowe and other board members under Connecticut's doctrine of issue preclusion.
 
 
 4
 "In resolving the issues raised on appeal from a grant of summary judgment, 'we review the record de novo to determine whether there are genuine issues of material fact requiring a trial.' " Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.1992) (quoting Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.1991)). We hold that Connecticut's doctrine of claim preclusion bars appellant's present action against appellees in their official capacity and that Connecticut's doctrine of issue preclusion bars the action against appellees in their individual capacities, for substantially the reasons stated by the district court. Meehan v. Town of East Lyme, 919 F.Supp. 80 (D.Conn.1996). We address briefly the plaintiff's contention that defendants waived these affirmative defenses, that the Connecticut proceedings did not afford the plaintiff minimal federal due process, and that the district court abused its discretion in granting defendants' motion for extension of time.
 
 
 5
 Claim and issue preclusion are affirmative defenses that should be pleaded under Rule 8(c), Fed.R.Civ.P. "The purpose of such pleading is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." Blonder-Tongue Lab., Inc. v. University of Illinois Found., 402 U.S. 313, 350 (1971). "In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993); see also Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir.), cert. denied, 116 S.Ct. 51 (1995); United States v. Shanbaum, 10 F.3d 305, 313 (5th Cir.1994); DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 334 (7th Cir.1987).
 
 
 6
 In the instant case, Meehan was not prejudiced in his ability to respond to the affirmative defenses. Rather, Meehan filed a supplemental memorandum that opposed the application of the doctrines but did not claim surprise or prejudice. Thus, the instant case is distinguishable from Kern Oil & Ref. Co. v. Tenneco Oil Co., 840 F.2d 730, 735 (9th Cir.), cert. denied, 488 U.S. 948 (1988), in which the affirmative defenses were not raised until after trial.
 
 
 7
 We also hold that the state proceedings did meet minimum federal due process requirements and gave Meehan a "full and fair opportunity" to litigate his claim. To rule on Meehan's appeal, the superior court had to "determine whether the appropriate procedure under the statute and the state and federal constitutions was employed and whether the evidence relied upon was reliable and substantial." Lee v. Board of Education, 181 Conn. 69, 81 (1980) (citations omitted). That the superior court "neither heard additional testimony nor received any additional evidence" is immaterial; indeed, under the previous Connecticut statute operative at the time of the case, appellant had the opportunity to introduce new evidence in the appeal to the superior court. See 10 C.G.S. § 10-151(f), as amended by P.A. 95-98 § 2 (1995). We are bound by the general rule that a state court judgment has the same preclusive effect in federal court as it would have in the courts of the rendering state. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982).
 
 
 8
 Finally, appellant's argument that the district court abused its discretion in granting the appellees' motion for extension of time is frivolous. Indeed, he did not object to the motion in the district court.
 
 
 9
 We therefore affirm.