**Nancy SEKOR, Plaintiff,**

v.

**Mary CAPWELL a/k/a/ Mary Gorman and The Ridgefield Board of Education, Defendant.**

**No. 5:92CV327 (WWE).**

United States District Court, D. Connecticut.

March 6, 1998.

---

**4.** This amount reflects 17.8 (hours expended by Attorney Roznoy) × $150 (hourly rate) = $2,670.

William M. Laviano, Laviano Law Offices, Bidgefield, CT, for plaintiff.

Michael Peter McKeon, Robert J. Murphy, and Mark J. Sommaruga of Sullivan, Schoen, Campane & Eannon, Hartford CT, for defendant.

### RULING ON DEFENDANT'S SUP-PLEMENTAL MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff Nancy Sekor brought this action against defendants Mary Capwell and the Ridgefield Board of Education alleging four counts pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and one count pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (the "ADEA"). On April 19, 1995, the court granted defendants' Motion for Summary Judgment as to all counts except plaintiff's ADEA claim. *Sekor v. Capwell,* 889 F.Supp. 34, 36 (D.Conn.1995). Now pending before the court is the Ridgefield Board of Education's Supplemental Motion for Summary Judgment as to plaintiff's remaining claim. The court will grant the instant motion on the basis that the doctrine of res judicata precludes federal adjudication of plaintiff's age discrimination claim.

### I.  BACKGROUND

Defendant Ridgefield Board of Education ("the Board") employed plaintiff from 1981 to 1993 as a tenured teacher certified in business, English and social studies. On March 23, 1992, the Board voted to consider the recommendation of plaintiff's principal, Mary Capwell, that it terminate plaintiff's employment. Plaintiff thereafter instituted this federal action against Capwell and the Board alleging, *inter alia,* age discrimination.

Pursuant to Conn. Gen.Stat. § 10–151, plaintiff requested and received a statement of reasons for the Board's vote to consider her termination and the opportunity to be heard before an impartial panel. In the her brief to the impartial panel, plaintiff argued that one reason for her termination was the Board's desire to replace a soon-to-retire business teacher with a "22 year old for $28,000.00 per year" instead of with plaintiff, who would earn nearly $60,000.00 per year. Brief of Nancy Sekor In Opposition to Termination of Tenured Contract at 18, *School Administration of the Town of Ridgefield v. Sekor,* Tenured Teacher Hearing Tribunal (February 16, 1993). After conducting extensive hearings, the impartial hearing panel recommended that the Board terminate plaintiff's employment based on its finding that, although plaintiff was competent to teach business, she was incompetent to teach English and social studies. Thereafter, the Board terminated plaintiff's employment on the grounds of incompetence and inefficiency.

Plaintiff appealed the Board's decision to the Connecticut Superior Court pursuant to Conn. Gen.Stat. § 10–151. In her brief to the Superior Court, plaintiff argued that by terminating plaintiff, the Board aimed to "save [over the course of ten years] a half million dollars by keeping its younger, less experienced new hire at $28,000.00 per year!" Plaintiff's Post–Trial Memorandum of Law and Closing Argument to the Connecticut Court of Appeals at 12, *Sekor v. Ridgefield Board of Education,* No. CV 93 31 51 84 (Conn.Super.Danbury). The Superior Court found that the Board terminated plaintiff in violation of Conn. Gen.Stat. § 10–151 because, despite her failings in English and social studies, the Board had found her to be competent as a business teacher. The Superior Court's opinion did not address plaintiff's argument that the Board had terminated her in order to save money by hiring a younger, less expensive teacher. *Sekor v. Ridgefield Board of Education,* No. CV 93 31 51 84, slip op. at 29 (Conn.Super. Danbury July 14, 1995).

The Board appealed the Superior Court's decision to the Connecticut Court of Appeals, whereafter the Supreme Court of Connecticut transferred the matter to its docket pursuant to Practice Book § 4023 and Conn.

Gen.Stat. § 51–199(c). In her appellate brief, plaintiff complained that if "she is terminated due to a few problems teaching *English* ... the school board is then free to hire a new untenured teacher of business at the bottom of the pay scale and save itself many hundreds of thousands of dollars." Appendix of the Plaintiff–Appellee Nancy Sekor at 6, *Sekor v. Ridgefield Board of Education*, A.C. 15030 (Conn.App.) (emphasis in original).

Before the Connecticut Supreme Court decided the Board's appeal, the Board moved this court to stay the instant action until there was a final outcome in the state case. The Board argued in favor of its motion that "the judgment of the courts of the State of Connecticut would be owed *res judicata* and collateral estoppel effect," and that a stay would avoid inconsistent judgments in the state and federal courts. Memorandum of Law In Support of Defendant's Motion to Stay Further Proceedings at 3, 10. Absent objection, the court granted the Board's motion to stay.

On December 4, 1996, the Supreme Court of Connecticut issued an opinion construing § 10–151 as permitting a school board to terminate a tenured teacher who is competent to teach in one subject area but incompetent to teach in one or more other areas for which she is certified. Because the Board had found plaintiff incompetent to teach English and social studies, the Supreme Court held that "the board properly terminated the plaintiff's contract of employment." The Supreme Court's opinion did not address plaintiff's argument that the Board had terminated her in order to save money by hiring a less expensive non-tenured teacher. *Sekor v. Board of Education of the Town of Ridgefield*, 240 Conn. 119, 128–134, 689 A.2d 1112 (1997).

Following the Supreme Court of Connecticut's ruling in *Sekor v. Board of Education*, the Board filed the instant Supplemental Motion for Summary Judgment asserting that plaintiff's federal claim is preempted due to the res judicata and collateral estoppel effect of the state court judgment. The Board also

argues that certain of the Supreme Court's findings with respect to plaintiff's evidence militate against the finding of a genuine issue of fact for trial. Because the court will grant the Board's motion for summary judgment on res judicata grounds, the court will not address the Board's other arguments.[1]

## II. ANALYSIS

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether there are any factual issues to be tried, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Donahue v. Windsor Locks Bd. of Fire Commissioners*, 834 F.2d 54, 57 (2d Cir.1987).

A dispute over a material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The initial burden is thus on the moving party to establish that no relevant facts are in dispute. The burden then shifts to the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for the fact-finder to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson* at 249–50.

---

1. For a more detailed account of the facts in this case, see generally *Sekor v. Ridgefield Board of Education*, 240 Conn. 119, 689 A.2d 1112 (1997) and *Sekor v. Capwell*, 889 F.Supp. 34 (D.Conn. 1995).

## B. Res Judicata

■ The Board argues that plaintiff's remaining federal claim cannot be maintained due to the res judicata or claim preclusion effect of the state judgment. Article IV, Section 1 of the United States Constitution requires federal courts to accord state court judgments the same preclusive effect as would other courts within that state. The court must determine whether, under Connecticut law, the principle of res judicata precludes federal adjudication of plaintiff's age discrimination claim. *Meehan v. Town of East Lyme,* 919 F.Supp. 80, 83 (D.Conn.), *aff'd,* 104 F.3d 352 (2d Cir.1996).

■ Under Connecticut law, the doctrine of res judicata is based on the policy that a party should not be allowed to relitigate a claim which it already had an opportunity to litigate. *Connecticut Natural Gas Corp. v. Miller,* 239 Conn. 313, 323, 684 A.2d 1173 (1996). Accordingly, a former adjudication of a claim on its merits is an absolute bar to a subsequent action on the same claim or on any claim based on the same operative facts that might have been made in the prior action.· The inquiry is whether a party had an adequate opportunity to litigate the matter in an earlier proceeding, not whether it actually litigated a specific claim. *Connecticut National Bank v. Rytman,* 241 Conn. 24, 43–44, 694 A.2d 1246 (1997).[2]

■ In determining whether a party's claim arises from the same operative facts as an already adjudicated claim, Connecticut courts apply the "transaction test" as set forth in the Restatement (Second) of Judgments § 24 (1982). *Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co.,* 227 Conn. 175, 189–90, 629 A.2d 1116 (1993). That section states that

the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose
... What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24.

■ In *Meehan v. Town of East Lyme, supra,* the court applied the transaction test to a situation similar to the instant case. The question before the court was whether the state court's adjudication of a terminated teacher's § 10–151 appeal preempted federal adjudication of a 42 U.S.C. § 1983 claim in which plaintiff had alleged that the school board's decision had violated his due process rights. The court held that plaintiff's § 1983 claim and his § 10–151 appeal arose from the same transaction or series of transactions because both claims involved the circumstances surrounding the teacher's termination. *Meehan* at 84. *Cf. Takahashi v. Board of Trustees of Livingston Union School District,* 783 F.2d 848, 851 (9th Cir. 1986) (teacher's Title VII claim was based on "same primary right" as her administrative appeal regarding whether the Commission on Professional Competence terminated her for cause); *Hogue v. Royse City, Texas,* 939 F.2d 1249, 1253–54 (5th Cir.1991) (teacher's ADEA claim was same cause of action as state wrongful discharge claim). Because the circumstances in the instant case are identical to those in *Meehan* in that plaintiff's instant age discrimination claim and her § 10–151 appeal emanate from the circumstances surrounding her termination, the court finds that plaintiff's federal and state claims arise from the same transaction or series of transactions.

■ The court must next determine whether plaintiff's age discrimination claim

---

**2.** In terms of timing, all that is required for the operation of res judicata is that a final judgment in one action precede judgment in a pending action. *See* Restatement (Second) Judgments § 14 comment a (1982) (a judgment is not to be deprived of res judicata effect by the fact that the action in which it was rendered was commenced later than the pending action); *Williams v. Ward,* 556 F.2d 1143, 1153–54 (2d Cir.), *cert. dismissed,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).

could have been adequately litigated in her § 10–151 action. In making such a determination, Connecticut courts query whether there was any jurisdictional obstacle to advancing the claim in the earlier action. *Connecticut National Bank* at 44, 694 A.2d 1246 (citing Restatement (Second) of Judgments § 25 comment (e)(1982)).

Although plaintiff asserts through the affidavit of her attorney that she was not permitted to litigate her age discrimination claim in state court, she does not supply the court with any further evidence supporting this generalized and conclusory assertion. A generalized and conclusory affidavit, standing alone, is insufficient to defeat a motion for summary judgment. *Weeks v. ARA Services,* 869 F.Supp. 194, 196 (S.D.N.Y.1994). The case law and the record before the court indicate that there was no jurisdictional obstacle to plaintiff's litigating her age discrimination claim in state court.

Connecticut courts have held that the § 10–151 appellate process affords terminated teachers an adequate opportunity to litigate federal claims relating to their termination. *See, Meehan* at 84; *Kaufman v. Somers Board of Education,* 368 F.Supp. 28, 33 (D.Conn.1973). It is the state court's function when reviewing a school board's termination of a teacher "to determine whether the board acted illegally." *Tomlinson v. Board of Education of the City of Bristol,* 226 Conn. 704, 713, 629 A.2d 333 (1993) (quoting *Rado v. Board of Education,* 216 Conn. 541, 555, 583 A.2d 102 (1990)). Moreover, federal courts applying the law of other states have held that state court administrative review of school board termination decisions affords plaintiffs an adequate opportunity to litigate age, sex and national origin discrimination claims. *Hogue,* 939 F.2d at 1252–54(age); *Takahashi,* 783 F.2d at 852 (sex and national origin).

The fact that plaintiff asserted age-related arguments to each state tribunal which heard her § 10–151 appeal also indicates that plaintiff had an adequate opportunity to litigate her age discrimination claim in state court. *See,* Section I, *supra.* That the state courts' rulings did not reach the merits of her age-related arguments does not thwart the res judicata effect of the resulting judgment. *Kaufman* at 33. Accordingly, plaintiff's generalized and conclusory assertion that she was not permitted to litigate her age discrimination claim in her state action is insufficient to defeat the Board's motion for summary judgment. *Weeks* at 196; Fed.R.Civ.P. 56(e) (a party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial and may not rely on mere denials of the adverse party's pleadings).

Also meritless is plaintiff's argument, based on *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), that she "carved out" her age discrimination claim from the state proceedings thus reserving it for federal adjudication. First, plaintiff points to no such "carving out" on the state record. Second, while such a reservation is available in cases in which the federal court abstains from hearing a claim pursuant to *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), it is not available when the federal court abstains pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Generally speaking, a *Pullman* abstention occurs when a federal court defers to a state court's superior ability to address important state-law issues. A *Younger* abstention occurs when a federal court seeks to avoid disruptive or duplicative legal proceedings which can result from conflicting state and federal jurisdictional duties. *Temple of the Lost Sheep v. Abrams,* 930 F.2d 178, 182 (2d Cir.), *cert. denied,* 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991).

To the extent that the court's stay in the instant case might be construed as a form of abstention, the court's action is more akin to a *Younger* abstention than to a *Pullman* abstention. *Cf., Lavasek v. White,* 339 F.2d 861, 863 (10th Cir.1965) (*England* reservation unavailable in non-abstention cases). Moreover, essential to the reasoning in *England* was the fact that the federal court's *Pullman* abstention compelled state court adjudication of plaintiff's federal claim against plaintiff's wishes. *England,* 375 U.S.

at 417. In the instant action, however, plaintiff did not object to the stay. Accordingly, the court finds that plaintiff was not entitled to make an *England* reservation.

██ Finally, there remains a question as to whether Mary Capwell continues to be a defendant in this action. Although plaintiff alleged her ADEA claim only against the Board in her original Complaint, it is unclear whether her ADEA claim, as set forth in her First Amended Complaint, is also alleged against Capwell. Notwithstanding this ambiguity, the ADEA would have permitted an action against Capwell solely in her capacity as an agent of the Board. *Donovan v. Eastern Milk Producers Cooperative Association, Inc.*, 971 F.Supp. 674, 679 (N.D.N.Y.1997) (individual liability does not attach under ADEA); *Cullen v. Putnam Savings Bank, Inc.*, No. 3:97cv2315 (AHN), 1997 WL 280502 at *3–4 (D.Conn. May 17, 1997) (supervisors may not be held personally liable under ADEA). Even if plaintiff's First Amended Complaint could be construed as naming Capwell as a defendant to the ADEA claim, therefore, today's grant of summary judgment on that count in favor of the Board applies equally to Capwell. *See, Meehan* at 85–86 (judgment against principal disposed of claim against individual sued in capacity as agent). *See also,* Restatement (Second) of Judgments § 51.

### III. CONCLUSION

For the reasons set forth above, Defendant's Supplemental Motion for Summary Judgment is hereby GRANTED.