**Mary WALKER, Plaintiff,**

v.

**ENVIROTEST SYSTEMS, INC. and State of Connecticut, Defendants.**

**No. 3:99 CV 0059(GLG).**

United States District Court, D. Connecticut.

Dec. 10, 1999.

---

John H. Gorman, Waterbury, CT, for Plaintiff.

Lisa A. Zaccardelli, Levy & Droney, P.C., Farmington, CT, Clare E. Kindall, Attorney General's Office, Hartford, CT, for Defendants.

## *MEMORANDUM DECISION*

GOETTEL, District Judge.

Defendant Envirotest Systems, Inc., moves to dismiss two of the five counts of plaintiff's complaint. [**Doc. # 13**]. Plaintiff concedes that Count Four should be dismissed. The other count (Count One) turns on the preclusiveness of a Connecticut State Court adjudication of plaintiff's state-law discrimination claim based upon the statute of limitations.

Count One of plaintiff's complaint is brought against Envirotest for violation of Title VII. Plaintiff claims that she was sexually harassed and subjected to a severe and pervasive hostile work environment while working for Envirotest as a part-time emissions inspector. She further claims that she was denied a promotion in retaliation for her complaints about the sexual harassment.

On January 12, 1998, plaintiff filed an administrative charge of employment discrimination with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), which was simultaneously filed with the Equal Employment Opportunity Commission ("EEOC"). The CCHRO dismissed plaintiff's charge as untimely based upon its determination that plaintiff had not been subjected to sexual harassment and that she had not been denied a promotion within 180 days of the filing of her CCHRO complaint. (Letter of Final Agency Action dated Apr. 13, 1998); *see* Conn.Gen.Stat. § 46a–82(e). Plaintiff sought reconsideration of this determination. The CCHRO rejected her request for reconsideration on the ground that there was substantial evidence to support its original findings. (Merit Assessment Review Reconsideration Form dated July 20, 1998). Subsequently, the EEOC dismissed plaintiff's EEOC charge on the ground that it was adopting the findings of the CCHRO, and issued a right-to-sue let-

ter. (EEOC Dismissal and Notice of Rights dated October 14, 1998). On January 12, 1999, plaintiff filed the instant complaint in Federal Court. In the meantime, pursuant to Connecticut's Administrative Procedures Act, Conn.Gen.Stat. § 4–183, plaintiff had appealed the CCHRO's decision to the Connecticut Superior Court. On August 10, 1999, the Superior Court issued a Memorandum Decision, affirming the decision of the CCHRO and dismissing the appeal. *Walker v. Connecticut Com'n on Human Rights and Opportunities,* 1999 WL 643369, No. CV 98–0490150–S (Aug. 12, 1999) (Slip Op.).

Defendant now asserts that the state court decision is *res judicata* as to plaintiff's Title VII civil rights claim asserted in Count One. Plaintiff acknowledges that a state decision is entitled to *res judicata* effect in federal court under 28 U.S.C. § 1738,[1] but points out that 42 U.S.C. § 2000e–5(c) extends the limitations period from 180 days to 300 days for purposes of plaintiff's federal Title VII claim. Plaintiff argues that the CCHRO and State Court had no reason, nor authority, to determine whether her EEOC charge was timely filed. Defendant responds that this is irrelevant since a dismissal on the basis of a limitations period is a judgment on the merits, citing *Bray v. New York Life Insurance,* 851 F.2d 60 (2d Cir.1988), and that since the plaintiff's claim is identical (except for the limitations period) under both state and federal law, it is barred.

### Discussion

■ In *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 476, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court held that Title VII did not create an exception to the full faith and credit statute, 28 U.S.C. § 1738, which requires a federal court to give a state court judgment the same preclusive effect as that judgment would be given in the courts of that State. Under § 1738, a federal court is required to look to the law of the State from which the judgment is taken to determine its *res judicata* effect. *Id.* at 482, 102 S.Ct. 1883. In *Kremer,* the plaintiff had filed a discrimination charge with the EEOC, which then referred it to the New York State Division of Human Rights. The State agency rejected the charge as meritless, and this decision was upheld on administrative appeal. The Appellate Division of the New York Supreme Court affirmed. Subsequently, the plaintiff obtained a right-to-sue letter from the EEOC and brought a Title VII action in federal court. The Supreme Court affirmed the dismissal of the federal complaint on *res judicata* grounds. Because the state procedures for determination of discrimination claims offered a full and fair opportunity to litigate the merits of such claims, the state court judgment was entitled to *res judicata* effect. *Id.* at 485, 102 S.Ct. 1883.

■ Plaintiff complains, however, that she has never had an opportunity to litigate the merits of her Title VII claim and that neither the CCHRO nor the Connecticut Superior Court considered the question of whether her claim was barred by the 300–day limitations period applicable to her Title VII claim, as opposed to the shorter 180–day limitations period under Connecticut's Fair Employment Practices Act, Conn.Gen.Stat. § 46a–82(e). Plaintiff is correct that, although she only had 180 days within which to file her state charge with the CCHRO, under Title VII, she had 300 days to file her federal charge with the EEOC so long as she had first filed a discrimination complaint with the State agency.[2] 42 U.S.C. § 2000e–5(e)(1). *See*

---

1. 28 U.S.C. § 1738 provides in relevant part that State judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State...."

2. As the Second Circuit observed, "[u]nfortunately, the 300–day rule is qualified in ways that bedevil lawyers as well as laypersons." *Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d 304, 305 (2d Cir.1996). One of those bedeviling ways exists in so-called deferral states. A deferral state is one which has its own anti-

*Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 307 (2d Cir.1996) (discussing the intricacies of the 300–day rule); *see also Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 327–28 (2d Cir.1999). However, the fact that plaintiff's state claim was subject to a different limitations period does not necessarily negate the preclusive effect of the State court judgment.

The Second Circuit in *Bray* addressed a similar issue. The plaintiff had filed a discrimination complaint with the New York State Division of Human Rights and with the EEOC. The State agency found no probable cause to support her charge of race and sex discrimination, and plaintiff appealed to the New York Supreme Court. The State Court dismissed her appeal as untimely. (It was filed one day late). In the meantime, the EEOC had issued its own finding of no probable cause and notified the plaintiff of her right to initiate an employment discrimination complaint in federal court within 90 days of her receipt of the right-to-sue letter. Plaintiff then filed a complaint in federal district court raising claims under Title VII, as well as 42 U.S.C. § 1981. Defendant moved for summary judgment on the ground that the state court judgment barred the plaintiff from relitigating her employment discrimination complaint in federal court. The Second Circuit held that, once a plaintiff seeks state judicial review of an agency decision, a federal court must determine what preclusive effect the State would give to the judgment of its court. *Id.* at 63. The Court held that because *New York* would treat a dismissal on statute of limitations grounds as a final judgment on the merits for *res judicata* purposes, the plaintiff was precluded from relitigating her race and sex discrimination claims in federal court. *Id.* at 64. The Court acknowledged the unfairness of its decision on the plaintiff,[3] but held that the crucial factor was that she had chosen to submit her case to the state courts for review.[4] *Id.; see also Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38–40 (2d Cir.1992) (holding that plaintiff's Title VII claim was barred by *res judicata* based upon plaintiff's bringing a prior federal action under the Labor Management Relations Act, even though plaintiff had not obtained a right-to-sue letter from the EEOC at the time the LMRA action was commenced), *cert. denied,* 506 U.S. 1053, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993); *Peavey v. Polytechnic Institute of New*

discrimination laws and administrative agency. *See* 29 C.F.R. §§ 1601.70, 1601.74, 1601.80. Connecticut is such a deferral state. In a deferral state, a complaint must first be filed with the state agency to give it an opportunity to resolve the suit. In the initial sixty-day period the state agency has exclusive jurisdiction to process discrimination charges. The state agency retains exclusive jurisdiction unless one of three events occurs to trigger EEOC jurisdiction: (1) the sixty-day deferral period expires; (2) the state agency proceedings are "terminated," *see Ford,* 81 F.3d at 309; or (3) the state agency waives its right to exclusively process the charge. *Doe v. Odili Technologies, Inc.,* 1997 WL 317316, No. 3:96CV1957(AHN) (D.Conn. May 25, 1997), 1997 WL 317316 (D.Conn. May 25, 1997); *see also Ford,* 81 F.3d at 305.

3. In *Bray,* the plaintiff was specifically advised that filing an administrative appeal might deprive her of her right to proceed subsequently in federal court under Title VII. The notice stated:

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review, and receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court under Title VII, by virtue of *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

4. In *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme Court held that claim preclusion did not prevent a claimant from bringing a Title VII action after an adverse, but unreviewed state agency determination. And, in *Astoria Federal Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 106, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991), the Supreme Court held that a claimant was not collaterally estopped to relitigate in federal court the judicially unreviewed findings of a state administrative agency made with respect to his age discrimination claim.

*York,* 768 F.Supp. 35, 37 (W.D.N.Y.1990) (holding that a Title VII claimant was barred from bringing his action in federal court because he had previously appealed the decision of the state agency to state court, which dismissed his appeal for want of prosecution).

Thus, in accordance with § 1738, and based upon the holdings in *Kremer* and *Bray,* we must determine what preclusive effect, if any, Connecticut courts would give to the Superior Court's dismissal of plaintiff's discrimination claim on limitations grounds. *See also Brye v. Brakebush,* 32 F.3d 1179 (7th Cir.1994).

■■■■ In Connecticut, under the doctrine of *res judicata* or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim, or any claim based on the same operative facts that might have been made.[5] *Joe's Pizza, Inc. v. Aetna Life & Casualty Co.,* 236 Conn. 863, 871–72, 675 A.2d 441 (1996). In determining whether a party's claim arises from the same operative facts as an already adjudicated claim, Connecticut courts apply the "transaction test" of the Restatement (Second) of Judgments § 24. *Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co.,* 227 Conn. 175, 189, 629 A.2d 1116 (1993); *see Sekor v. Capwell,* 1 F.Supp.2d 140, 145 (D.Conn.1998) (holding that plaintiff's age discrimination claim arose out of the same transaction as her state court action challenging her termination by the School Board); *Meehan v. Town of East Lyme,* 919 F.Supp. 80, 83–84 (D.Conn.1996) (holding that plaintiff's § 1983 claim arose out of the same transaction as his prior administrative appeal of the School Board's denial of his tenure contract). In this case, there is no question that plaintiff's federal Title VII claim arises out of the same "transaction" as her state discrimination complaint.

■■■■ The next inquiry is whether plaintiff had an adequate opportunity to litigate her claim in the earlier proceeding, not whether she actually litigated that specific claim. *Connecticut National Bank v. Rytman,* 241 Conn. 24, 44, 694 A.2d 1246 (1997); *Meehan,* 919 F.Supp. at 83–84. In making this determination, the Connecticut courts have applied the test set forth in the Restatement (Second) of Judgments, § 25, comment (e). *Connecticut National Bank,* 241 Conn. at 44–45, 694 A.2d 1246. Under that test,

> when the plaintiff brings an action on [a] claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action *would clearly not have had jurisdiction* to entertain the omitted theory or ground (or, having jurisdiction, *would clearly have declined to exercise it as a matter of discretion* ), then a second action in a competent court presenting the omitted theory or ground should not be precluded.

*Id.* (original emphasis) (citing Restatement (Second) of Judgments, § 25, cmt. (e)); *see also Sekor v. Capwell,* 1 F.Supp.2d 140, 145 (D.Conn.1998). Applied to the facts of this case, the Restatement test requires us to decide whether the State Superior Court would have had jurisdiction to determine the federal claim. *See Connecticut National Bank,* 241 Conn. at 45, 694 A.2d 1246. Because a Title VII claimant may pursue his or her claim in either State or Federal Court, *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990), there was no

---

5. In terms of timing, all that is required for the operation of *res judicata* is that a final judgment in one action precede a judgment in the pending action. *Sekor v. Capwell,* 1 F.Supp.2d 140, 145 n. 2 (D.Conn.1998) (citing Restatement (Second) of Judgments § 14, cmt. (a)).

jurisdictional bar to the State Superior Court's determination of this issue. *See also Joo v. Capitol Switch Inc.*, 231 Conn. 328, 338 n. 15, 650 A.2d 526 (1994).

 The only remaining issue is whether a Connecticut court would afford preclusive effect to a prior judgment rendered on statute of limitations grounds. In Connecticut, "a judgment based on the running of the statutes of limitations bars the plaintiff from bringing an action to relitigate the claim within that jurisdiction." [6] *Advest, Inc. v. Wachtel*, 235 Conn. 559, 566, 668 A.2d 367 (1995); *see also Sanborn v. Greenwald*, 39 Conn.App. 289, 664 A.2d 803 (1995). It has the effect of precluding the claim in the rendering state. *Advest*, 235 Conn. at 567, n. 7, 668 A.2d 367 (quoting the Restatement (Second) of Judgments § 19). It is not considered a judgment on the merits and is not necessarily entitled to preclusive effect in a forum other than the rendering state. *Id.* at 566 & 567, n. 7, 668 A.2d 367.

The Connecticut Supreme Court in *Advest* was careful to point out, however, that "statutes of limitations should not be confused with a right conditioned upon a time limitation," which arises when a limitations period is contained within the statute creating a right of action which did not exist at common law. *Id.* at n. 6; *see also Rana v. Ritacco*, 236 Conn. 330, 672 A.2d 946 (1996).

> Where ... a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter.... In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather as a limitation on liability itself, and not of the remedy alone.... The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdiction prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived....

*Avon Meadow Condominium Ass'n., Inc. v. Bank of Boston Connecticut*, 50 Conn. App. 688, 699–700, 719 A.2d 66, *cert. denied*, 247 Conn. 946, 723 A.2d 320 (1998); *see also Williams v. Commission on Human Rights & Opportunities*, 54 Conn. App. 251, 254–55, 733 A.2d 902 (1999); *Collier v. State of Connecticut Dept. of Public Safety*, No. CV96–80659, 1999 WL 300643 (Conn.Super. May 3, 1999). "If the judgment is rendered because the time limit upon which the right is conditioned has run, the judgment is one that precludes the claim and is 'entitled to full faith and credit so as to bar a second suit elsewhere.'" *Advest*, 235 Conn. at 566, n. 6, 668 A.2d 367 (quoting 3 E. Stephenson, Connecticut Civil Procedure § 354(d) (2d ed.1978)). Because the time limitation of Connecticut's Fair Employment Practices Act is contained within the statute creating the right of action, it is considered to be jurisdictional and would be given *res judicata* effect by Connecticut courts. *Id.*; *Collier*, 1999 WL 300643, at *1.

Because we find that a Connecticut court would hold that the Superior Court judgment, dismissing plaintiff's state discrimination claim on limitations grounds, should be given preclusive effect, under 28 U.S.C. § 1738, we are required to give that judgment full faith and credit. Accordingly, we hold that plaintiff's Title VII claim

---

**6.** The Connecticut courts have not been entirely consistent in affording *res judicata* effect to prior judgments based upon statutes of limitations (other than those set forth in statutes creating a right of action). *Compare Fawcett v. Friel*, No. 115040, 1996 WL 24655 (Jan. 9, 1996) (holding that a subsequent action was barred by the *res judicata* effect of a prior judgment dismissing a case on statute of limitations grounds); *and Linden Condominium v. McKenna*, CV 950555852, 1996 WL 649317 (Conn.Super. Oct.31, 1996) (same), *with Chomicz v. American Legion Meriden Post No. 45*, No. CV 950375597S, 1996 WL 165562 (Conn.Super. Mar.26, 1996) (refusing to apply *res judicata* to a prior action dismissing a case on statute of limitations grounds).

in Count One is barred by the doctrine of *res judicata.*

*Conclusion*

Thus, for the reasons set forth above, we GRANT Defendant Envirotest's Motion to Dismiss **[Doc. # 13]** Counts One and Four.

SO ORDERED.